```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

JAMAR KELLYMAN,

        Plaintiff,

v.                          Case No:  2:25-cv-744-JES-NPM

COLUMBIA DEBT RECOVERY LLC
d/b/a Genesis Credit,

        Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on *pro se* plaintiff's Motion to Remand and Request for Costs and Fees (Doc. #7) filed on August 22, 2025.  No response has been filed and the time to respond has expired.

On July 22, 2025, plaintiff Kellyman filed a Verified Complaint for Damages and Injunctive Relief (Doc. #4) in Collier County Circuit Court, Florida.  The three-count Complaint seeks relief under two federal statutes, the Fair Debt Collection Practices Act (FDCPA) and the Telephone Consumer Protection Act (TCPA), as well as one Florida statute, the Florida Consumer Collection Practices Act (FCCPA).  Plaintiff alleges that communications by text message and email after withdrawal of

consent violated rights under both state and federal law. (Doc. #4 at ¶¶ 6-8.) Defendant was served with process on July 23, 2025, and on August 19, 2025, removed the case to federal court based on the presence of a federal question. (Doc. #1.)

Plaintiff argues that the amount in controversy is only $9,000, and below the threshold for jurisdiction, and that the Florida state law claims predominate. Plaintiff argues that diversity jurisdiction does not apply, the Court should decline supplemental jurisdiction because "the FCCPA forms the backbone of this dispute," and that state court is the proper forum to adjudicate the issues.

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is no amount in controversy requirement, only that a federal question be presented.[1] The removal was based on the presence of a federal question under the FDCPA and the TCPA. The Court also has "supplemental jurisdiction over all other claims that are so

---

[1] The district courts also have original jurisdiction over cases involving "citizens of different States" "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

2

related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction over a claim if it "substantially predominates" over the claims over which the Court has original jurisdiction. 28 U.S.C. § 1367(c)(2).

"Under plaintiff['s] interpretation of § 1441(b), federal question removal could be defeated in all cases simply through the joinder of a state law claim. This construction, however, completely ignores the Court's ability to exercise pendent jurisdiction over related claims." Alexander by Alexander v. Goldome Credit Corp., 772 F. Supp. 1217, 1219-20 (M.D. Ala. 1991) (Citations omitted). "[J]urisdiction over a federal-law claim brings with it supplemental jurisdiction over a state-law claim arising from the same facts." Royal Canin U. S. A., Inc. v. Wullschleger, 604 U.S. 22, 27 (2025). There is only one set of facts here and two federal claims along with the state claim. The Court can exercise subject matter jurisdiction over all claims arising from the same case or controversy and will do so.

The Court declines to award and fees and costs under 28 U.S.C. § 1447(c) as the removal was proper and remand is denied.

Accordingly, it is hereby

**ORDERED:**

plaintiff's Motion to Remand and Request for Costs and Fees (Doc. #7) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __10th__ day of September 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record

4